UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)<br>V. )<br>)<br>TIMOTHY NEAL HOWARD, )<br>)<br>Defendant/Movant. ) | Criminal Action No. 7: 06-29-SS-DCR<br>Civil Action No. 7: 09-7055-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

*** *** *** ***

This matter is pending for consideration of Movant/Defendant Timothy Neal Howard's *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 662] Consistent with local practice, this matter was referred to United States Magistrate Judge Edward B. Atkins for consideration in accordance with 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed his Report and Recommendation on November 24, 2010. [Record No. 760] Based on his review of the record and the applicable law governing the motion, Magistrate Judge Atkins recommended that Howard's motion be denied. The matter is now ripe for review.

Although this Court must make a *de novo* determination of those portions of the magistrate judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a magistrate judge's proposed findings of fact and recommendation waives the

right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in full agreement with Magistrate Judge Atkin's Report and Recommendation regarding the three issues raised in Howard's habeas motion.

With respect to the first issue presented (*i.e.*, alleged ineffective assistance of counsel due to counsel's failure to file requested notice of appeal), the magistrate judge determined that it was necessary to conduct an evidentiary hearing to resolve the defendant/movant's assertions. This hearing was held on October 21, 2010. Howard claimed in his §2255 motion that, following sentencing, he asked his attorney to file a notice of appeal but she failed to follow this instruction. However, this claim was refuted during the hearing before the magistrate judge. During the hearing, Howard changed his position and contended that he never actually ask his attorney to file a notice of appeal. Likewise, Howard's wife testified that she did not request that an appeal be filed. Further, it is apparent that Howard had sufficient opportunity to consult with his counsel regarding his appellate rights.

Howard's second claim that he unknowingly and involuntarily entered a guilty plea due to ineffective assistance of counsel is refuted by the record. During the rearraignment hearing, Howard testified under oath that he had discussed the case with his attorney and was satisfied with her representation. He also admitted that he had discussed the plea agreement with counsel and understood its contents. According to Howard, no one threatened or in any way forced him to enter into the plea agreement. Instead, he confirmed that he could continue with a plea of not guilty and proceed to trial if he chose to do so. The contents of Howard's signed plea agreement

also refute his present claim. As noted in the magistrate judge's Report and Recommendation, such solemn declarations carry a strong presumption of verity. Further, "subsequent presentation of conclusion allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the records are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Howard's third claim of ineffective assistance of counsel in connection with the sentencing hearing is also without merit. His attorney could not make a good faith objection to the quantity of drugs attributed to him because Howard admitted to this quantity during rearraignment and in his plea agreement. *United States v. Stafford*, 258 F.3d 465, 476-78 (6th Cir. 2001).

With respect to whether a certificate of appealability should issue, the Court concludes that the grounds presented by Howard fail to present a close constitutional issue that reasonable jurists would debate. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Howard has not made a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. §2253(c)(2). Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 760] is **ADOPTED** and **INCORPORATED** by reference;

2. The Movant/Defendant's motion [Record No.662] is **DENIED** and his claims are **DISMISSED** with prejudice;

3. A Certificate of Appealability shall not issue because the Movant/Defendant has not made a substantial showing of the denial of any substantive constitutional right;

4. Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent/Plaintiff.

This 14th day of December, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge